UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELICOS BIOSCIENCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC., LIFE TECHNOLOGIES CORPORATION, and ILLUMINA, INC.,<br><br>Defendants. | C.A. No. 10-735-SLR |

**RULE 16 ORDER**

At Wilmington this _____ day of February, 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by January 14, 2011 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1 and the Court's December 8, 2010 Order for Scheduling Conference.

2. **Discovery.**

    a. The issues of willfulness and damages shall be bifurcated from liability for purposes of discovery and trial. Bifurcation notwithstanding, the parties may seek limited financial discovery as necessary for the purpose of conducting mediation or other ADR, and for the purpose of exploring the issues of secondary considerations of non-obviousness and the value of the patents-in-suit.

    b. Discovery will be needed on the following subjects: Plaintiff's claims of infringement and Defendants' claims of invalidity, inequitable conduct, non-infringement, laches, estoppel, unclean hands, waiver, standing, inventorship and patent misuse. Defendants believe that there are questions regarding Helicos's standing to sue and would like to take discovery on this issue without delay. Defendants hope to have this issue resolved at the outset of this case. Defendants also believe that pursuant to 35 U.S.C. § 256 there may be issues to resolve regarding inventorship and a hearing on this issue may be appropriate. Helicos denies that it lacks standing to sue as well as that there are any issues concerning inventorship of any of the patents in suit.

    c. All fact discovery shall be commenced in time to be completed by **January 13, 2012**.

    (1) Maximum of **15** joint interrogatories per side and **15** additional individual interrogatories per party.

    (2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (3) Maximum of **75** requests for admission per side, except that there shall be no limit on the number of requests for admission relating to eliminating evidentiary issues for trial (e.g., authentication of documents)..

(4) Discovery of electronic documents (hereafter, "e-discovery") and paper documents shall be completed on or before **July 15, 2011**. In the absence of agreement among the parties or by order of the Court: (i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting; (ii) e-discovery shall be limited to a term of five (5) years except that; (iii) on or before **May 13, 2011**, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) and those relating to standing issues) shall be scheduled prior to the completion of e-discovery and paper document discovery. The parties plan to continue to meet and confer to ensure that e-discovery does not become disproportionate or otherwise unreasonable.

(5) Maximum of **150** hours of fact depositions by Plaintiff and **150** hours (combined total) of fact depositions by Defendants. Each fact deposition shall be limited to a maximum of **7 hours** unless extended by agreement of the parties, except that depositions of named inventors of the patents-in-suit shall be limited to fourteen (14) hours unless extended by agreement of parties. For purposes of these durational limits, the deposition of each person designated under Fed. R. Civ. P. 30(b)(6) is considered a separate deposition and is limited to seven (7) hours.

d. Expert discovery shall be commenced in time to be completed by **April 9, 2012**.

(1) Expert reports on issues for which the parties have the burden of proof are due **February 1, 2012**. Rebuttal expert reports are due **February 29, 2012**. Supplemental reports (for, e.g., on secondary considerations of nonobviousness) are due **March 14, 2012.**

(2) Expert depositions shall be limited to a maximum of **7 hours** per principal report (exclusive of rebuttal and supplemental reports) offered by the expert unless extended by agreement of the parties. Infringement reports directed to more than one Defendant shall be considered as separate reports for each Defendant.

(3) All *Daubert* motions shall be filed on or before **June 14, 2012**.

e. Supplementations under Rule 26(e) due **January 13, 2012**.

f. **Discovery Disputes.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of nonobviousness.

g. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **November 16, 2012**.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.**  If the Court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **October 3, 2011**.  This document will not be filed with the Court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.**  The parties shall identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **March 23, 2012**, with the claim chart separately docketed.  The Joint Claim Construction Statement shall include citations to all intrinsic and extrinsic evidence the parties intend to rely upon to construe the claims.  Plaintiff shall serve and file its opening claim construction brief on or before **April 13, 2012**.  Defendants shall serve and file their answering claim construction briefs on or before **April 27, 2012**.  Plaintiff shall serve and file its reply brief on or before **May 4, 2012**.  Defendants shall serve and file their surreply briefs on or before **May 11, 2012.**

7. **Summary Judgment Motions.**

    a. All summary judgment motions shall be served and filed on or before **April 27, 2012**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

    b. Opening briefs on infringement and invalidity shall be served and filed on or before **April 27, 2012.**

    c. Opening briefs or combined opening-answering briefs on noninfringment and validity shall be served and filed on or before **May 11, 2012**.

    d. Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

    e. Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

    f. The hearing on the claim construction and motion(s) for summary judgment will be heard on **June 29, 2012 at 1:30 p.m.**

8. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

    a. Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    b. No telephone calls shall be made to chambers.

    c. Any party with an **emergency** matter requiring the assistance of the Court shall email chambers utilizing the "Email Request for Emergency Relief" and "Opposing

Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference shall be conducted on **August 27, 2012**, at **4:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a **two (2) week** jury trial commencing **September 10, 2012**, in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases. The Defendants advise the Court that they are competitors and sell unrelated and competing products. Accordingly, the Defendants reserve the right, if appropriate, to seek separate trials pursuant to Fed. R. Civ. P. 42(b). It is Helicos's position that separate trials are not warranted.

                                                              _____
                                                              United States District Judge