# Exhibit U



Sheryl Koval Garko
617.570.1147
sgarko@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

April 12, 2011

**VIA E-MAIL**

Jeffrey N. Costakos, Esq.
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202

Re: *Helicos Biosciences Corp. v. Pacific Biosciences of California, Inc., et al.*,
    **Civil Action No. 10-735-SLR-MPT (D. Del.)**

Dear Jeff:

I write to memorialize our meet and confer of Friday, April 8, 2011. During our call, we discussed several issues concerning Illumina's responses to Helicos's First Set of Requests for Production ("Requests") and First Set of Interrogatories ("Interrogatories"). Please let me know immediately if anything in this letter does not reflect your understanding of our discussion or the agreement reached by the parties.

    **A.**    **Illumina's Response to Interrogatory No. 1**

        **1.**    **Definition of Sequencing Technology**

We asked you provide clarification concerning your objections and response to Interrogatory No. 1 concerning the identification of Illumina's Sequencing Technology methods, processes, operations, applications, services, products, reagents or systems. Illumina objected to Helicos's definition of the term "Sequencing Technology" and limited its response to single-molecule sequencing. Illumina stated in its Interrogatory response that it has not practiced single-molecule sequencing, but did include a list of products. You clarified that the products Illumina identified in its response to Interrogatory No. 1 relate solely to the allegations for U.S. Patent No. 7,593,109. You stated that based on Illumina's objection and limitation of Interrogatory No. 1 to single-molecule sequencing, Illumina did not identify other technology (e.g., reagents and kits) in its response. As we stated during our call, we do not agree that the patents-in-suit are limited to single-molecule sequencing. The claim charts Helicos provided with its responses to Defendants' First Set of Common Interrogatories detail how the claims of all of the patents-in-suit cover Illumina's sequencing technology.

You further clarified that the identified products represent all of the sequencing instruments that Illumina has launched to date and represented that Illumina will produce documents sufficient to show how the imaging aspects of these products work.  Moreover, you agreed to determine whether Illumina will produce documents sufficient to show how the chemistry works within those products and get back to us.  We also ask you to reconsider whether Illumina will provide information with respect to the reagents and kits used in the sequencing products identified.

Finally, in response to our inquiry as to whether SQ Module (identified in Helicos's Amended Complaint) should have been identified in Illumina's response to Interrogatory No. 1, you indicated that you will look into this issue and get back to us.

### 2. Illumina's Products

We objected to Illumina's response to Interrogatory No. 1 as limited to commercialized products, based on the fact that "use" of the patented technology constitutes infringement.  You informed us that Illumina has an additional MySeq product, which has been announced but not yet launched, and agreed to produce documents sufficient to show how the imaging aspects of the MySeq product work.  You also explained that you were not aware of any other responsive technology that existed outside of the commercialized products that would be launched in the foreseeable future.

As with the products identified in response to Interrogatory No. 1, we ask you to consider whether you will produce documents sufficient to show how the chemistry of the MySeq product works, as well as identify any related reagents and kits.

### B. Illumina's Responses to Helicos's Contention Interrogatories (Nos. 2-4)

We noted that Illumina failed to respond to Helicos's contention interrogatories concerning non-infringement, invalidity and unenforceability and sought your basis for doing so.  As stated during our call, the Rule 16 Order entered in this matter provides a deadline for addressing contention interrogatories and Illumina possessed sufficient information to respond to them (e.g., the unenforceability contentions alleged in Illumina's Answer and Counterclaims).  We also noted that Helicos has already provided its infringement contentions and a listing of prior art.  Based on Helicos's interrogatory responses, you agreed to review these interrogatories and to provide us with a date by which you will supplement your responses.

### C. Illumina's Objections Based on Bifurcation of Damages

We explained that Illumina objected too broadly on the basis of the bifurcation of damages with respect to Requests Nos. 17, 25-27, 30-34, 36, 38-40, and 46 such that Illumina was withholding material relevant to, for example, mediation discussions and secondary considerations of non-obviousness.  You indicated that Illumina was amenable to trying to reach agreement on the scope of damages and secondary considerations discovery in light of the Court's bifurcation order.  Below are the categories of information Helicos proposes the parties exchange:

2

(1) Aggregate sales data for the accused products, from the first sale of each accused product through the present;

(2) Profit and loss information for the accused products, from the first sale of each accused product through the present;

(3) Projected sales and profits for the accused products;

(4) Price of the accused products;

(5) Costs associated with marketing the accused products from the date of the first marketing efforts for each accused product through the present;

(6) Market share information for each of the Defendants from one year prior to the first introduction of an accused product through 2028; and

(7) Licenses, assignments, agreements or other grants of right granted by or to Defendants concerning or related to Defendants' Sequencing Technology, as defined in Helicos's First Set of Common Interrogatories to Defendants Pacific Biosciences of California, Inc., Life Technologies Corporation and Illumina, Inc.

Please review the categories and let us know whether Illumina is willing to provide discovery on these topics.

### D. Illumina's Willfulness Objections

We indicated that Illumina objected too broadly on the basis of the bifurcation of willfulness with respect to Requests Nos. 8, 14, 16, 28, 37, and 41 and Interrogatories Nos. 6 and 7 such that Illumina was withholding material relevant to, for example, indirect infringement. You agreed to look at these Requests and Interrogatories and get back to us.

### E. Miscellaneous Issues

**Request No. 15** (documents concerning any patents or patent applications relating to Illumina's Sequencing Technology). We stated that Illumina was withholding documents responsive to this Request in spite of their relevance to this litigation. You agreed to determine whether Illumina will produce its patents.

**Request Nos. 19 and 20** (documents sufficient to identify all persons who participated in the research, design or development of Illumina's Sequencing Technology; organizational charts for the research, development, design, engineering, manufacturing, patent clearance, marketing and/or sale of Illumina's Sequencing Technology). We requested that Illumina clarify exactly what it will be producing with respect to these Requests because its responses were unclear as to whether Illumina agreed to produce the requested documents. You indicated that you will look into this issue and get back to us.

3

**Request Nos. 42 and 44** (meeting minutes concerning any of the patents-in-suit, this litigation, Helicos or Illumina's Sequencing Technology; documents concerning any communications between Helicos or any other Defendant and Illumina). We explained that Illumina limited the scope of its production with respect to these Requests to only documents regarding this litigation and the patents asserted against Illumina such that Illumina was withholding other relevant material. You agreed to look at these Requests and get back to us.

### F.     Helicos's Document Production

We inquired into the information Illumina expects to receive from Helicos in response to Illumina's requests for production. For example, we explained that Helicos is in possession of terabytes of information that represent the raw images collected from experiments and testing runs on its sequencing machines and has 150 GB of CAD drawings. We informed you that we do not intend to produce any of the raw images and inquired as to which, if any, CAD files Illumina may be interested in. You stated that you will consider the scope of discovery you are seeking from Helicos. You also informed us that Illumina does not intend to produce the raw data and images generated from the sequencing products identified in response to Interrogatory No. 1.

We asked the process by which Illumina was intending to conduct electronic discovery, and specifically whether Illumina intended to use search terms, and if so, it had given consideration to whether the parties would exchange search terms. You stated you would consider your anticipated electronic production plan and parameters and would get back to us on this issue.

### G.     Next Meet and Confer

The parties agreed to have a follow-up meet and confer on the above issues during the week of April 18. The parties tentatively agreed to schedule the call for Tuesday, April 19. You indicated that Illumina will contact us towards the end of next week to confirm the scheduling of the call.

This letter is not intended to be the sole and exhaustive list of the issues concerning Illumina's discovery responses. As stated during our call, the purpose of the meet and confer was to discuss the high level issues. Helicos expressly reserves its right to raise any issues concerning Illumina's discovery responses not specifically addressed in this letter.


Sincerely,

/s/

Sheryl Koval Garko

cc: Jan Pirozzolo-Mellowes

| | |
|---|---|
| **From:** | Greene, Blake |
| **Sent:** | Tuesday, April 12, 2011 8:42 AM |
| **To:** | 'Costakos, Jeffrey N.' |
| **Cc:** | Pirozzolo-Mellowes, Rebecca J. (Jan); Garko, Sheryl Koval |
| **Subject:** | Helicos v. PacBio et al: Correspondence |
| **Attachments:** | 2011-04-12-Ltr to Costakos re Meet and Confer.pdf |

Hi Jeff,

Please see the attached correspondence.

Thank you.

Regards,
Blake



2011-04-12-Ltr to
  Costakos re …

Blake B. Greene
**Goodwin Procter LLP**
Exchange Place
53 State Street
Boston, MA  02109
T: 617.570.3932
F: 617.523.1231
bgreene@goodwinprocter.com
www.goodwinprocter.com
Admitted only in California, practice supervised by principals of the firm