# Exhibit V



Sheryl Koval Garko
617.570.1147
sgarko@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

April 15, 2011

**VIA E-MAIL**

Derek C. Walter, Esq.
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Re:  *Helicos Biosciences Corp. v. Pacific Biosciences of California, Inc., et al.*,
     **Civil Action No. 10-735-SLR-MPT (D. Del.)**

Dear Derek:

I write to memorialize our meet and confer of Monday, April 11, 2011. During our call, we discussed several issues concerning PacBio's responses to Helicos's First Set of Requests for Production ("Requests") and First Set of Interrogatories ("Interrogatories"). Please let me know immediately if anything in this letter does not reflect your understanding of our discussion or the agreement reached by the parties.

    A.    **Definition of "Sequencing Technology"**

PacBio objected to Helicos's definition of the term "Sequencing Technology" and limited its responses to the Requests and Interrogatories to single-molecule sequencing. As we stated during our call, we do not agree that the patents-in-suit are limited to single-molecule sequencing. We asked you to provide clarification concerning whether PacBio's limited definition affects what PacBio will be producing. You stated that PacBio does not intend to withhold anything based on its limitation of "Sequencing Technology" to single-molecule sequencing. You also indicated that PacBio will produce documents relating to PacBio's SMRT technology, which includes, for example, documents relating to PacBio's RS DNA sequencing platform.

    B.    **Scope of PacBio's Production**

We noted that in a number of its responses to the Requests (e.g., Nos. 1-4, 6, 7, 9, 11, 12, 14, 16, 18, 20, 22, 23, 27, 43-45, 47, and 50-53) PacBio modified the language of the requested documents in what it agreed to produce. We asked you to provide clarification concerning what PacBio will be producing and withholding in response to these Requests. As a general matter,

LIBA/2168056.1

you assured us that PacBio did not craft its responses with the intent to withhold certain categories of documents and that you will respond in good faith to the Requests. Our discussion with respect to specific categories of documents is reflected below.

**Request No. 3** (documents concerning the use, function, operation, installation, design, structure, customization, modification, troubleshooting, maintenance, research, development, testing and/or commercialization of PacBio's Sequencing Technology). PacBio objected to this Request and limited its response to produce documents "sufficient to show the design and operation of PacBio's Sequencing Technology." Additionally, PacBio's responses to a number of subsequent Requests (e.g., Nos. 4, 6, 7, 16, and 18) solely refer to its response to Request No. 3. We sought clarification concerning whether PacBio intends to withhold documents responsive to these Requests. You indicated that PacBio does not intend to withhold responsive documents. You also stated that PacBio will produce the standard types of documents that get produced in these cases, including but not limited to documents that show how PacBio's products work, laboratory notebooks, user guides, and manuals.

**Requests Nos. 9, 14, and 53** (documents relating to any secondary indicia of non-obviousness; documents concerning any steps, procedures or efforts made by PacBio to avoid infringement of any of the patents-in-suit; documents that support, refute, or relate to any of PacBio's Affirmative Defenses or Counterclaims). PacBio objected to these Requests and limited its responses to produce documents "upon which it intends to rely to support its positions." We asked you to provide clarification concerning PacBio's position because this response seemed to indicate that PacBio intends to improperly withhold documents that are not helpful to its case. You indicated that PacBio does not intend to withhold responsive documents.

**Requests Nos. 22 and 27** (documents concerning any advertisement, promotion, display, demonstration or marketing by you or by others regarding PacBio's Sequencing Technology; documents concerning advertising plans, business plans, estimates, revenue forecasts, marketing plans or efforts, promotional programs or strategies on PacBio's part or on PacBio's behalf concerning Sequencing Technology). PacBio objected to Request No. 22 and limited its responses to produce documents "that constitute exemplary advertising and promotional materials for PacBio's Sequencing Technology." Additionally, PacBio's response to Request No. 27 solely refers to its response to Request No. 22. We sought clarification concerning whether PacBio intends to withhold documents responsive to Request No. 27 that are relevant to secondary considerations and liability (e.g., advertising plans, business plans, and marketing plans). You responded that PacBio does not intend to use the reference to Request No. 22 to withhold advertising plans, business plans, and marketing plans. We ask that PacBio also produce the other categories of documents listed in Request No. 27.

    **C.**    **Discovery of Financial Information**

You indicated that PacBio is amenable to trying to reach agreement on the scope of financial discovery in light of the Court's bifurcation order. Below are the categories of information Helicos proposes the parties exchange:

2

(1) Aggregate sales data for the accused products, from the first sale of each accused product through the present;

(2) Profit and loss information for the accused products, from the first sale of each accused product through the present;

(3) Projected sales and profits for the accused products;

(4) Price of the accused products;

(5) Costs associated with marketing the accused products from the date of the first marketing efforts for each accused product through the present;

(6) Market share information for each of the Defendants from one year prior to the first introduction of an accused product through 2028; and

(7) Licenses, assignments, agreements or other grants of right granted by or to Defendants concerning or related to Defendants' Sequencing Technology, as defined in Helicos's First Set of Common Interrogatories to Defendants Pacific Biosciences of California, Inc., Life Technologies Corporation and Illumina, Inc.

Please review the categories and let us know during our follow up call next week whether PacBio is willing to provide discovery on these topics.

### D.  PacBio's Willfulness Objections

We noted that in a number of its responses to the Requests (e.g., Nos. 5, 8, 10, 13, and 35-38) PacBio objected too broadly on the basis of the bifurcation of willfulness from liability and did not agree to produce any documents responsive to these Requests. We sought clarification concerning whether PacBio intends to withhold responsive documents relevant to, for example, validity, infringement, and enforceability. You indicated that regarding those documents that are relevant to infringement, PacBio intends to produce documents responsive to Requests Nos. 44 and 45 (documents that refer to Helicos, AzTE, Linda B. Bloom, Philip Richard Buzby, Ian Gould, Timothy D. Harris, Mark A. Hayes, Stanley N. Lapidus, Vincent B. Pizziconi, Linda J. Reha-Krantz, Seth D. Rose, Thomas J. Taylor, Kevin Ulmer, Daniel J. B. Williams, and/or Peter Williams; documents that refer to any or all of the patents-in-suit).[1] We ask you to reconsider whether you will produce documents responsive to Requests Nos. 5, 8, 10, 13, and 35-38 that are relevant to infringement and other liability issues.

Specifically, with regard to Request No. 10 (publications, prior art references or other materials relating to the invalidity, validity, unenforceability, enforceability, scope, or interpretation of any

---

[1] In its responses to Requests Nos. 44 and 45 (and 43), PacBio stated that it will produce documents "created before anticipation of this litigation." Such a limitation is not proper unless the other criteria for work product protection are met. Helicos expects that PacBio will not withhold any documents unless there exists a proper grounds under the work product doctrine for doing so and that any such withheld documents are listed on a privilege log absent any agreement by the parties to the contrary.

3

of the claims of any of the patents-in-suit), we asked you whether PacBio intends to withhold responsive documents. You indicated that PacBio intends to produce prior art references and publications and that you will look into the issue of whether PacBio will produce non-privileged analyses regarding validity and enforceability issues and will get back to us. We expect your response regarding this issue during our follow up call next week.

### E. Miscellaneous Issues

#### 1. PacBio's Responses to Requests

PacBio objected to the following Requests and did not agree to produce any documents responsive to these Requests. We asked you to provide clarification regarding whether PacBio intends to withhold responsive documents.

**Request No. 15** (documents concerning any patents or patent applications relating to PacBio's Sequencing Technology). You indicated that PacBio does not intend to withhold any patents on the basis of its objections.

**Requests Nos. 28 and 29** (documents concerning any communications from you to actual or prospective customers regarding PacBio's Sequencing Technology; documents concerning any comments received by you from another regarding your Sequencing Technology, or the Sequencing Technology of Helicos or the Defendants). You indicated that PacBio will produce some responsive communications between PacBio and its customers or prospective customers as well as responsive documents concerning complaints, praise, or suggestions. We ask that you reconsider whether you will produce all non-duplicative, responsive communications between PacBio and its customers or prospective customers regarding PacBio's Sequencing Technology.

**Request No. 42** (meeting minutes concerning any of the patents-in-suit, this litigation, Helicos or PacBio's Sequencing Technology). You indicated that you will look into what responsive documents PacBio possesses and get back to us. We expect your response regarding this issue during our follow up call next week.

**Request No. 48** (documents concerning any disputes, complaints, lawsuits, litigations, arbitrations, mediations or other dispute resolution proceedings relating to PacBio's Sequencing Technology). You indicated that you will look into the issue of whether there are responsive confidential proceedings and get back to us. We expect your response regarding this issue during our follow up call next week.

#### 2. PacBio's Responses to Interrogatories

**Interrogatory No. 5** (persons knowledgeable about, and their role in, the conception, design, development, modification, engineering, testing and evaluation of PacBio's Sequencing Technology). We noted that PacBio objected to this Interrogatory as an improper form of discovery for seeking this type of information and asked you to provide the basis for PacBio's objection. You indicated that the key person relating to this Interrogatory is Stephen Turner as

4

LIBA/2168056.1

identified in PacBio's Initial Disclosures.[2] We ask that PacBio reconsider its position that this Interrogatory is not the proper form of discovery and supplement its response as necessary.

### F.     PacBio's Responses to Helicos's Contention Interrogatories (Nos. 2-4)

We noted that PacBio failed to respond to Helicos's contention interrogatories concerning non-infringement, invalidity and unenforceability and sought your basis for doing so. As stated during our call, the Rule 16 Order entered in this matter provides a deadline for addressing contention interrogatories. We also noted that Helicos had already provided its infringement contentions and a listing of prior art. We proposed that PacBio respond to all served contention interrogatories within 30 days of April 11, 2011. You indicated that PacBio will propose a counter-deadline and/or schedule for its responses.

### G.     Helicos's Document Production

We inquired into the information PacBio expects to receive from Helicos in response to PacBio's requests for production. For example, we explained that Helicos has 150 GB of CAD files and inquired as to which, if any, CAD files PacBio may be interested. You indicated that you will look into the issue of the CAD files and get back to us. We expect your response regarding this issue during our follow up call next week. You also stated that you will raise any potential issues with Helicos's initial production following your review of it.

We asked whether PacBio is amenable to discuss electronic discovery, and specifically the use of search terms. You stated you will consider PacBio's anticipated electronic production plan and parameters and would get back to us on this issue. The parties agreed to tentatively schedule this discussion during the week of April 18th.

This letter is not intended to be the sole and exhaustive list of the issues concerning PacBio's discovery responses. As stated during our call, the purpose of the meet and confer was to discuss the high level issues. Helicos expressly reserves its right to raise any issues concerning PacBio's discovery responses not specifically addressed in this letter. This is consistent with your position that Helicos should let PacBio know of any issues with PacBio's initial production following Helicos's review of it.

Sincerely,

/s/

Sheryl Koval Garko

---

[2] During our call, you identified this individual as "Michael Turner." PacBio's Initial Disclosures do not identify a "Michael Turner" but do identify a "Stephen Turner." Please advise us if the individual whom you intended to identify is not Stephen Turner.

5

| | |
|---|---|
| **From:** | Greene, Blake |
| **Sent:** | Friday, April 15, 2011 8:37 AM |
| **To:** | 'Walter, Derek' |
| **Cc:** | Garko, Sheryl Koval |
| **Subject:** | Helicos v. PacBio, et al.: Letter re Meet and Confer |
| **Attachments:** | 2011-04-15-Ltr to Walter re Meet and Confer.pdf |

Derek,

Please see the attached correspondence.

Regards,
Blake



2011-04-15-Ltr to
  Walter re Me…

Blake B. Greene
**Goodwin Procter LLP**
Exchange Place
53 State Street
Boston, MA  02109
T: 617.570.3932
F: 617.523.1231
bgreene@goodwinprocter.com
www.goodwinprocter.com
Admitted only in California, practice supervised by principals of the firm