# Exhibit W



Sheryl Koval Garko
617.570.1147
sgarko@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

April 27, 2011

**VIA E-MAIL**

Paul Veravanich, Esq.
Litigation Counsel
Life Technologies Corp.
5791 Van Allen Way
Carlsbad, CA 92008

Re: *Helicos Biosciences Corp. v. Pacific Biosciences of California, Inc., et al.*, **Civil Action No. 10-735-SLR-MPT (D. Del.)**

Dear Paul:

I write to memorialize our meet and confer of Monday, April 11, 2011.  During our call, we discussed several issues concerning Life's responses to Helicos's First Set of Requests for Production ("Requests") and First Set of Interrogatories ("Interrogatories").  Please let me know immediately if anything in this letter does not reflect your understanding of our discussion or the agreements we reached.

### A. Definition of "Sequencing Technology"

Life objected to Helicos's definition of the term "Sequencing Technology" and limited its responses to the Requests and Interrogatories to single-molecule sequencing.  As we stated during our call, we do not agree that the patents-in-suit are limited to single-molecule sequencing.  We asked you to clarify whether Life's objection to the definition of Sequencing Technology affects what Life will be producing.  You indicated that Life's objection is not affecting Life's production and that Life will produce documents relating to the technology described in Exhibits I and J of Helicos's Amended Complaint.

### B. Life's "Proper Narrowing" Objections

Life objected to a number of the Requests (e.g., Nos. 1, 4, 6, 16-20, 24, 26, and 41) and noted that it "will reconsider its objections . . . upon a proper narrowing of the scope" of the Requests. We asked you to clarify what needs to be narrowed in these Requests.  You indicated that Life will produce documents relating to single-molecule sequencing.  Again, we do not agree that the patents-in-suit are limited to single-molecule sequencing, and we reserve our right to object and

LIBA/2168655.2

to seek relief as necessary once we have reviewed Life's production. But in order to move this process forward, we will evaluate Life's production based on its representation that it will not withhold documents relating to the technology described in Exhibit I and J of Helicos's Amended Complaint. We hope that this will address your concerns with respect to these Requests. Regarding Request No. 16, we propose the following amendment (for your convenience, the newly added language is enclosed in brackets []):

**Request No. 16:** All documents relating to any decisions concerning the design, use, manufacture, or sale of any of your [Sequencing Technology] products that were made, considered, evaluated, or implemented by you after you first learned of the patents-in-suit, including decisions concerning any change(s) in such products or methods, and all reason(s) for such decision(s) or change(s).

Please let us know during our follow up call whether Life is willing to produce the outlined scope of documents responsive to these Requests.

### C. Life's Responses Regarding Exhibits I and J

Life objected to a number of Requests (e.g., Nos. 3, 22, 23, and 27) and merely identified Exhibits I and J from Helicos's Amended Complaint in its responses. We asked you to clarify whether Life intended to produce responsive documents other than Exhibits I and J. You indicated that Life will produce additional responsive documents. We also noted that Life only identified Exhibits I and J in its response to Interrogatory No. 1 and asked whether there was anything else to identify. You responded that there was not anything else to identify.

### D. Discovery of Financial Information

You indicated that Life is amenable to trying to reach agreement on the scope of financial discovery in light of the Court's bifurcation order. Below are the categories of information Helicos proposes that Life produce:

(1) Projected sales and profits for the accused products;

(2) Costs associated with marketing the accused products from the date of the first marketing efforts for each accused product through the present;

(3) Market share information from one year prior to the expected date of launch of the accused products through 2024; and

(4) Licenses, assignments, agreements or other grants of right granted by or to Life concerning or related to Life's Sequencing Technology, as defined in Helicos's First Set of Common Interrogatories to Defendants Pacific Biosciences of California, Inc., Life Technologies Corporation and Illumina, Inc.

2

During our call, you also indicated that you will investigate whether Life possesses other relevant categories of financial information. Please let us know during our follow up call whether Life is willing to provide discovery on the above and other topics.

### E. Life's Willfulness Objections

#### 1. Requests

We noted that in a number of Life's responses to the Requests (e.g., Nos. 5, 8, 13, 14, 16, and 35-37), Life objected too broadly on the basis of the bifurcation of willfulness from liability. We sought clarification concerning whether Life intends to withhold responsive documents relevant to, for example, validity, infringement (particularly, indirect infringement), and enforceability. You requested a list of such documents. We have reviewed the Requests again and believe that they clearly delineate the categories of documents which do not solely implicate willfulness issues. By way of example only, such documents include, but are not limited to: non-privileged[1] analyses regarding the validity or invalidity, infringement or non-infringement, enforceability or unenforceability, interpretation or scope of any claim of the patents-in-suit; non-privileged claim charts or analyses regarding the patents-in-suit or other non-privileged documents (e.g., patent clearance policies or documents concerning design around efforts) which delineate the date of Life's first awareness of the patents-in-suit. Please let us know during our follow up call whether Life is willing to produce documents relevant to these issues.

#### 2. Interrogatories

**Interrogatories No. 6 and 7** (describe in detail how Life first became aware of each Asserted Patent; describe in detail each and every communication, analysis, evaluation and/or investigation concerning the validity or infringement of, or any attempt to copy or design around, any of the Asserted Patents). We explained that Life objected to these Interrogatories too broadly on the basis of the bifurcation of willfulness from liability. These interrogatories are relevant to, for example, validity and infringement (particularly, indirect infringement). You indicated that you will review Interrogatory No. 6 again and get back to us. We ask that you also reconsider your position with respect to Interrogatory No. 7 and provide us with your response regarding these issues during our follow up call.

### F. Miscellaneous Issues

**Request No. 7** (documents related to technical descriptions, requirements, specifications, and other documents sufficient to enable an engineer or scientist to understand the operation of Life's Sequencing Technology, including the operation of any third-party developed technology used by Life as part of Life's Sequencing Technology). Life objected to this Request and responded that it was unaware of any responsive documents because "Life has not commercialized any 'Sequencing Technology.'" We explained that the Request was not limited to commercialized products and sought clarification regarding Life's position. You indicated that you believed the

---

[1] To the extent that documents responsive to these Requests are withheld as privileged, we expect that Life will list them on a privilege log.

3

Request was duplicative of other Requests and was too broad. We disagreed, noting that this Request encompasses documents relating to third-party developed technology. We ask you to reconsider whether you will produce responsive documents, particularly those relating to the operation of any third-party developed technology used by Life as part of Life's Sequencing Technology, and provide us with your response regarding this issue during our follow up call.

**Requests Nos. 43 and 44** (documents concerning any communications between Helicos or any other Defendant and Life; documents that refer to Helicos, Arizona Technology Enterprises ("AzTE"), Linda B. Bloom, Philip Richard Buzby, Ian Gould, Timothy D. Harris, Mark A. Hayes, Stanley N. Lapidus, Vincent B. Pizziconi, Linda J. Reha-Krantz, Seth D. Rose, Thomas J. Taylor, Kevin Ulmer, Daniel J. B. Williams, and/or Peter Williams). Life objected to these Requests and responded that it will produce documents "relating to the subject matter of this dispute." We sought clarification concerning what Life meant by this statement. You indicated that Life intends to produce any communications between Helicos and Life and any documents that refer to Helicos or the named inventors of the patents-in-suit. With respect to the other categories of documents, you stated that Life's production will be limited to the subject matter of this dispute, which in your opinion relates to single-molecule sequencing. We ask you to reconsider whether you will produce all responsive documents, particularly those relating to AzTE, and provide us with your response regarding this issue during our follow up call.

### G.     Life's Responses to Helicos's Contention Interrogatories (Nos. 2-4)

We noted that Life failed to respond to Helicos's contention interrogatories concerning non-infringement, invalidity and unenforceability and sought your basis for doing so. As stated during our call, the Rule 16 Order entered in this matter provides a deadline for addressing contention interrogatories. You indicated that you will look into this issue and get back to us. We request that you respond to this issue during our follow up call.

### H.     Helicos's Document Production

We inquired into the information Life expects to receive from Helicos. For example, we explained that Helicos has 150 GB of CAD files and inquired as to which, if any, CAD files Life may be interested. You indicated that you are interested in documents that refer to Life and that you will let the other defendants take the lead on our production as it relates to Helicos's products.

We indicated that we intend to discuss electronic discovery, and specifically the use of search terms during our next call.

4

**I.     Next Meet and Confer**

The parties agreed to have a follow up meet and confer on the above issues during the week of April 25th. Please let us know your availability for a call on Thursday, April 28th, or Friday, April 29th.

This letter is not intended to be the sole and exhaustive list of the issues concerning Life's discovery responses. As stated during our call, the purpose of the meet and confer was to discuss the high level issues. Helicos expressly reserves its right to raise any issues concerning Life's discovery responses not specifically addressed in this letter.

Sincerely,

/s/

Sheryl Koval Garko

| | |
|---|---|
| **From:** | Greene, Blake |
| **Sent:** | Wednesday, April 27, 2011 7:54 PM |
| **To:** | 'Veravanich, Paul' |
| **Cc:** | Garko, Sheryl Koval |
| **Subject:** | Helicos v. PacBio et al.: Correspondence re Meet and Confer |
| **Attachments:** | Ltr to Life re Meet and Confer |



Ltr to Life re Meet
and Confer...

Dear Paul,

Please see the attached correspondence.

Thanks,
Blake

Blake B. Greene
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109
T: 617.570.3932
F: 617.523.1231
bgreene@goodwinprocter.com
www.goodwinprocter.com
Admitted only in California, practice supervised by principals of the firm