# Exhibit X



| | Sheryl Koval Garko | Goodwin Procter LLP |
|---|---|---|
| | 617.570.1147 | Counselors at Law |
| | sgarko@goodwinprocter.com | Exchange Place |
| | | Boston, MA 02109 |
| | | T: 617.570.1000 |
| | | F: 617.523.1231 |

May 4, 2011

**VIA E-MAIL**

Jeffrey N. Costakos, Esq.
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202

**Re:**    *Helicos Biosciences Corp. v. Pacific Biosciences of California, Inc., et al.,*
        **Civil Action No. 10-735-SLR-MPT (D. Del.)**

Dear Jeff:

I write to memorialize our meet and confer of Tuesday, April 26, 2011.  During our call, we discussed several follow-up issues arising from our meet and confer of Friday, April 8, 2011. Please let me know immediately if anything in this letter does not reflect your understanding of our discussion or the agreement reached by the parties.

### A.    PacBio's Motion to Stay

We asked you whether Illumina intends to change any of its discovery positions or to delay its production of documents in light of PacBio's motion to stay pending reexamination.  You responded that you do not believe that the motion will affect Illumina's positions or production. You also agreed to inform us if your position on that issue changes.

### B.    Illumina's Response to Interrogatory No. 1 (Chemistry Related Documents)

During our April 8th meet and confer, you agreed to determine whether Illumina will produce documents sufficient to show how the chemistry works within those products Illumina identified in response to Interrogatory No. 1.  We asked for your position on this issue.  You indicated that Illumina will produce such documents, including reagent and kit information as it relates to Illumina's Sequencing Technology.  You also indicated that Illumina will produce the same types of documents for the SQ Module and the MySeq product.  Additionally, you explained that Illumina will produce documents sufficient to show any differences between the sequencing chemistry used in Illumina's products, to the extent that such differences exist.

### C.      Illumina's Responses to Helicos's Contention Interrogatories (Nos. 2-4)

During our April 8th meet and confer, you agreed to review Helicos's contention interrogatories and to provide us with a date by which Illumina will supplement Illumina's responses. We asked for your proposal. You proposed to supplement Illumina's responses by June 15, 2011. Subsequent to your proposal, PacBio informed us that Defendants propose that opening contention interrogatory responses be served on August 5, 2011, with responsive contention interrogatory responses due on September 2, 2011. We think that each proposed date is too late. We ask that Illumina provide supplemental responses by no later than May 15, 2011. This date is reasonable in light of the fact that Helicos served these interrogatories over three months ago. Moreover, there is no basis for Illumina to continue to withhold this information as Helicos timely served its response to defendants' contention interrogatory, which included over 150 pages of detailed claim charts, about a month ago. Please let us know whether Illumina agrees to this date.

### D.      Illumina's Objections Based on Bifurcation of Damages

In our April 12th letter to you, we proposed categories of financial information for Illumina to produce in light of the Court's bifurcation order. We asked for your position on this issue. You proposed that, in addition to producing annual sales and revenue data for the products Illumina identified in response to Interrogatory No. 1, Illumina will produce gross margin information and third-party analyst reports, which include information such as market share. We agree that Illumina should, at a minimum, produce this information and reserve our right to seek additional financial discovery in light of the Court's bifurcation order.

### E.      Illumina's Willfulness Objections

During our April 8th meet and confer, you agreed to review Requests Nos. 8, 14, 16, 28, 37, and 41 and Interrogatories Nos. 6 and 7. We asked for your position on these. You indicated that Illumina intends to produce documents sufficient to show the date on which Illumina became aware of the patents-in-suit. You also explained that Illumina does not intend to produce documents with respect to the other categories because they are relevant to issues other than willfulness. We disagreed, noting that, for example, communications with customers (*see, e.g.*, Request No. 28) are relevant to indirect infringement. You responded that you will investigate what documents Illumina possesses that are responsive to Request No. 28 and get back to us. We expressly reserve our right to raise any issues with respect to Illumina's production relating to these Requests and responses relating to these Interrogatories.

### F.      Miscellaneous Issues

**Request No. 15** (documents concerning any patents or patent applications relating to Illumina's Sequencing Technology). During our April 8th meet and confer, you agreed to determine whether Illumina will produce its patents. We asked for your position on this issue. You indicated that Illumina intends to provide marking information for its products (i.e., the actual labeling information for those products that are marked). We inquired whether Illumina will

LIBA/2173966.1

produce or, at a minimum, identify other patents and patent applications relating to Illumina's Sequencing Technology.  You responded that Illumina does not intend to produce these documents.  We expressly reserve our right to raise any issues with respect to Illumina's production relating to this Request.

**Requests Nos. 19 and 20** (documents sufficient to identify all persons who participated in the research, design or development of Illumina's Sequencing Technology; organizational charts for the research, development, design, engineering, manufacturing, patent clearance, marketing and/or sale of Illumina's Sequencing Technology).  During our April 8th meet and confer, you indicated that you will look into what Illumina will be producing with respect to these Requests. We asked for your position on this issue.  You indicated that Illumina will produce organizational charts of the relevant groups, including the marketing group.

**Requests Nos. 42 and 44** (meeting minutes concerning any of the patents-in-suit, this litigation, Helicos or Illumina's Sequencing Technology; documents that refer to Helicos, AzTE, Linda B. Bloom, Philip Richard Buzby, Ian Gould, Timothy D. Harris, Mark A. Hayes, Stanley N. Lapidus, Vincent B. Pizziconi, Linda J. Reha-Krantz, Seth D. Rose, Thomas J. Taylor, Kevin Ulmer, Daniel J. B. Williams, and/or Peter Williams).  During our April 8th meet and confer, you agreed to review these Requests.  We asked for your position on these.  You indicated that Illumina intends to produce non-privileged meeting minutes relating to the asserted patents and/or this litigation and documents referring to the inventors on the asserted patents.  You also stated that Illumina will not produce documents referring to Helicos or AzTE, unless they are responsive to another request.  We disagreed, noting that the number of responsive documents is likely to be small and therefore production would not be burdensome.  In that you have agreed to produce at least some documents responsive to the category, we ask that you identify if Illumina actually withholds documents based on this criterion, so that we may further evaluate whether such a withholding is justified.  Until then, we expressly reserve our right to raise any issues with respect to Illumina's production relating to these Requests.

## G.    Document Production Issues

We noted that we would like to come to an agreement on the use of search terms with respect to emails.  We proposed that the searching party provide the receiving party with a list of search terms, followed by review and commentary by the receiving party.  If necessary, the parties will continue to negotiate reasonably and in good faith on the final list of search terms.  You indicated that you will think about our proposal as well as issues relating to document production format and get back to us.

We also inquired about when Illumina expects to start its document production.  You indicated that Illumina does not have an estimated date for its production to begin.  We explained that we intend to produce non-confidential documents within the week, but that we cannot produce the remainder of our production until an adequate protective order is in place.  We noted that defendants have delayed in responding to our draft protective order for two months.  We expressed our concern that in light of this delay the parties will not have sufficient time to review documents prior to the May 13th deadline to request electronic discovery of additional custodians or for additional years.  You indicated that the defendants are working on the protective order and that the parties should be able to come to an agreement on how to proceed regarding

LIBA/2173966.1

electronic discovery of additional custodians and/or years in light of the impending May 13, 2011 deadline.

This letter is not intended to be the sole and exhaustive list of the issues concerning Illumina's discovery responses.  Helicos expressly reserves its right to raise any issues concerning Illumina's discovery responses not specifically addressed in this letter.


Sincerely,

/s/

Sheryl Koval Garko

cc: Jan Pirozzolo-Mellowes

| | |
|---|---|
| **From:** | Greene, Blake |
| **Sent:** | Wednesday, May 04, 2011 12:11 PM |
| **To:** | jcostakos@foley.com |
| **Cc:** | Garko, Sheryl Koval; 'RPirozzolo-Mellowes@foley.com' |
| **Subject:** | Helicos v. PacBio et al.: Correspondence re Meet and Confer |
| | |
| **Attachments:** | 2011-05-04-Ltr to Illumina re Meet and Confer.pdf |

Jeff,

Please see the attached correspondence.

Regards,
Blake



2011-05-04-Ltr to
Illumina re …

Blake B. Greene
**Goodwin Procter** LLP
Exchange Place
53 State Street
Boston, MA  02109
T: 617.570.3932
F: 617.523.1231
bgreene@goodwinprocter.com
www.goodwinprocter.com
Admitted only in California, practice supervised by principals of the firm

1