## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HELICOS BIOSCIENCES CORPORATION,

    Plaintiff,

    v.

PACIFIC BIOSCIENCES OF CALIFORNIA,
INC., LIFE TECHNOLOGIES
CORPORATION, and ILLUMINA, INC.,

    Defendants.

C.A. No. 10-0735-SLR

## STIPULATED [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Helicos Biosciences Corporation ("Helicos" or "Plaintiff") and

Defendants Pacific Biosciences of California, Inc. ("PacBio"), Life Technologies Corporation

("Life"), and Illumina, Inc. ("Illumina"), (collectively "Defendants") recognize that pursuant to

discovery or otherwise during the course of this action, all parties and nonparties may be

required to disclose trade secrets and other confidential or proprietary information within the

meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, this action potentially involves the disclosure of, among other things, (a)

highly confidential, technical, proprietary and trade-secret subject matter; and (b) highly

sensitive and confidential financial, competitive and marketing information; and

WHEREAS, the unrestricted disclosure of the aforementioned would be extremely

prejudicial to the parties or disclosing third parties and compromise their respective competitive

positions; therefore, the parties have determined that this Protective Order is required in order to

protect the interests of the parties while allowing the exchange of information relevant to the

action; and

WHEREAS, the parties have, through counsel, conferred in good faith and stipulated to the entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential or proprietary information;

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties, and subject to the approval of the Court, that the following Order shall govern the production and handling of confidential and highly confidential information in this matter:

1.    **Designated Material**

In accordance with the terms of this Protective Order, any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 and Rule 45 of the Federal Rules of Civil Procedure, may be designated pursuant to this Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" by the person or entity producing it or by any party to this action (the "Designating Party") if:  (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or Local Rules or in response to any other formal or informal discovery request or Court-imposed discovery obligation in this action; and/or (b) filed with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, any and all material designated under this Protective Order shall be used or disclosed by the party receiving the Designated Material (the "Receiving Party") solely as provided under the terms of this Protective Order and in no other manner or for any other purpose.  (For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, provide or otherwise communicate the contents or existence of the referenced material or document to anyone, except as provided herein).

2

There shall be a presumption that any document that is or has been publicly available is not to be designated under this Protective Order, *i.e.*, such documents are neither "CONFIDENTIAL" nor "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

There shall be a presumption in favor of designating non-public documents of a party as "CONFIDENTIAL," rather than "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

**2.    Access**

**2.1    Materials Designated "CONFIDENTIAL"**

Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" generally for the purpose of protecting non-public information relating to the Designating Party's sensitive non-technical information, such as marketing and advertising information, "pitches" and similar presentations, and submissions to governmental or private entities.  Material designated CONFIDENTIAL by the Designating Party may only be disclosed by the Receiving Party to:

**a)**  Persons who appear on the face of the Designated Material as an author, addressee or recipient thereof; or persons in whose files the document or thing was found;

**b)**  Counsel of record as well as the partners and associates who are responsible for and/or working directly in the defense of this action, and regularly employed staff and supporting personnel of such counsel, to the extent reasonably necessary to render professional services in this action, and employees of the Receiving Party who are genuinely involved in the conduct of this litigation and are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions.

**c)**  The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

**d)**  Designated Independent Experts or Consultants (and the research personnel, assistants, secretarial and clerical staffs of such Independent Experts or Consultants) who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors, and to furnish technical or expert services in connection with this action, or to give testimony with respect to the subject matter thereof for the trial of this action, and (i) who have been designated in writing by notice to counsel for all the other parties to this action and all Designating Parties prior to any disclosure of any of the Designating Party's Designated Material information to such persons, giving such noticed parties five (5) business days to mount written objections to the designation of such persons (as described more fully below), and (ii) who have been provided with a copy of this Order and have signed a sworn declaration of the form of Exhibit A attached hereto (a copy of such signed affidavit to be provided promptly to counsel for all other parties and all Designating Parties by counsel for the party retaining such person);

**e)**  Duplicating, photocopying, videography, imaging, graphics, demonstrative, and document coding/scanning contractors;

**f)**  Persons who have been retained by a party to provide translation or interpretation from one language to another;

**g)**  Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial and who have been provided with a copy of this Order and have signed a sworn declaration of the form of Exhibit A attached hereto.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock

jurors selected for any mock jury presentation are not current or former, officers, directors, employees or consultants of any party or any direct competitors of any party; and

**h)**  Such other persons as the Designating Party may, in writing, agree, or by order of this Court.

Upon execution of this Protective Order by counsel, all regularly employed staff and supporting personnel of such counsel to whom access to CONFIDENTIAL information or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY information is permitted shall become subject to the provisions of this Protective Order.

### 2.2    Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"

In limited circumstances for specialized information, examples of which are described below, subject to the limitations set forth in this Protective Order, Designated Material may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for the purpose of protecting information which a designating party reasonably believes should not be disclosed to any person at either Plaintiff or any of Defendants (other than their in-house litigation counsel who are responsible for and/or working directly in the defense of this action, and regularly employed staff and supporting personnel of such counsel) because it relates to information which the parties view as being proprietary business information of high sensitivity:

**a)**  Confidential information identifying the number of products sold, total dollar value of sales products, and profit margins for products;

**b)**  Non-public technical information, including laboratory notebooks, experimental data and analysis, internal scientific presentations, schematic diagrams, reference manuals, operations manuals, and the like relating to the products of the parties or third parties;

**c)**  Proprietary computer source code;

5

**d)** Pending but unpublished patent applications;

**e)** Information concerning research, development, and other activities related to unreleased products or services; and

**f)** License agreements and other highly confidential technical, research and development, and financial information.

### 2.3 Additional Restrictions on Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"

**a)** Material designated by Helicos or any third party as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY may only be disclosed by the Receiving Party to the persons who may receive material designated CONFIDENTIAL enumerated in paragraph 2.1(a), (c), (d), (e), (f), (g), and (h) above and to

(i) Outside counsel of record as well as the partners and associates who are responsible for and/or working directly in the defense of this action, and regularly employed staff and supporting personnel of such counsel, to the extent reasonably necessary to render professional services in this action, where each attorney working in the defense of this action is not involved in competitive business decision making for any Party;

(ii) In-house litigation counsel who are responsible for and/or working directly in the defense of this action and regularly employed staff and supporting personnel of such counsel in a self contained in house litigation group with its own staff and filing system where each attorney in the self-contained group is not involved in competitive business decision making for any Party.

6

**b)**  Material designated by PacBio, Life, or Illumina as HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY may only be disclosed to the persons who may receive material

designated CONFIDENTIAL enumerated in paragraphs 2.1(a), (c), (d), (e), (f), (g), or (h) above

and, subject to limitations set forth in paragraph 2.3(c), to

      (i)      Outside counsel of record for Helicos as well as the partners and
associates who are responsible for and/or working directly in the defense
of this action, and regularly employed staff and supporting personnel of
such counsel, to the extent reasonably necessary to render professional
services in this action, where each attorney working in the litigation of this
action is not involved in competitive business decision making for any
Party;

      (ii)      Outside counsel of record for the defendants as well as the partners and
associates who are responsible for and/or working directly in the defense
of this action, and regularly employed staff and supporting personnel of
such counsel, to the extent reasonably necessary to render professional
services in this action, where each attorney working in the defense of this
action is not involved in competitive business decision making for any
Party, and does not engage in preparing, prosecuting, drafting, editing,
and/or amending patent applications, specifications, claims, and/or
responses to office actions for any Party, except as otherwise permitted in
Section 19;

      (iii)      In-house litigation counsel who are responsible for and/or working
directly in the defense of this action and regularly employed staff and

supporting personnel of such counsel in a self contained in house

litigation group with its own staff and filing system where each attorney in

the self-contained group is not involved in competitive business decision

making for any Party, and does not engage in preparing, prosecuting,

drafting, editing, and/or amending patent applications, specifications,

claims, and/or responses to office actions for any Party, except as

otherwise permitted in Section 19.

**c)**   Other than pleadings, written discovery responses, filings with the Court, and expert

reports, (i) material designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY by

PacBio may not be disclosed to Illumina or Life; (ii) material designated as HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY by Life may not be disclosed to PacBio or

Illumina; and (iii) material designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES

ONLY by Illumina may not be disclosed to PacBio or Life.

**d)**   For avoidance of doubt, (i) pleadings, written discovery responses, filings with the

Court, and expert reports that include material designated as HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY by PacBio may be disclosed to counsel of record for Illumina or

Life; (ii) pleadings, written discovery responses, filings with the Court, and expert reports that

include material designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY by

Life may be disclosed to counsel of record for PacBio or Illumina; and (iii) pleadings, written

discovery responses, filings with the Court, and expert reports that include material designated as

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY by Illumina may be disclosed to

counsel of record for PacBio or Life.

**e)**   If a recipient determines that specific information designated under this section needs to be disclosed to a person other than described above in order to allow the party to properly manage or direct the litigation and/or to properly carry out damages analysis, that party and the Designating Party shall meet and confer in good faith, consistent with the procedures in Section 8, and if informal resolution is not achieved, the recipient may file a motion with the Court to allow access to the specific information, and the burden shall rest with the recipient to show that the need for access outweighs any risk of inadvertent or unavoidable disclosure.

**2.4**          **Destruction of Designated Materials**

Upon the termination of this action, all recipients of Designated Material pursuant to Section 2 shall return or destroy all Designated Material (and all copies thereof) in the manner described in Section 12.2 of this Protective Order.

**3.**          **Certificates Concerning Designated Materials**

Each person to whom any Designated Material may be disclosed pursuant to the provisions of Section 2 and who is required by Section 2.1(d) or (g) to execute the undertaking of Exhibit A, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands and agrees to abide by its terms.  This certificate shall be in the form attached as Exhibit A.  Counsel who makes any disclosure of Designated Materials to such persons shall retain each original executed certificate.

**4.**          **Use of Designated Materials by Designating Party**

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is

made in a manner which is reasonably calculated to maintain the confidentiality of the information.

5.        **Designating Materials**

The Producing Party shall designate documents and things that constitute or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER." The confidentiality designation shall be placed clearly on each page of the documents and things that the Producing Party reasonably believes in good faith constitute or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material. Documents and things that constitute or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be labeled or marked with the appropriate legend when the document or thing is produced to the party or parties seeking discovery.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  For documents produced in their native format, the electronic media on which the documents are produced shall be marked with the appropriate legend, or some other appropriate measure shall be taken to identify the designation of documents produced in their native format..

6.        **Designating Discovery Responses**

Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing and the first page) that constitutes or contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material may be designated as CONFIDENTIAL or HIGHLY

10

CONFIDENTIAL – ATTORNEYS EYES ONLY by the party providing the response or

testimony.  Any response or testimony that constitutes or contains CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be labeled or marked

with the appropriate legend on the page on which the Designated Material appears, as described

in section 2 above, when the response or testimony is served upon the party seeking discovery.

Subject to the provisions of section 11 below, responses or testimony served without a legend

designating the material confidential shall not be CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY subject to this Protective Order unless

otherwise agreed by the parties or ordered by the Court.

**7.          Designating Depositions**

Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY by a party during deposition

testimony taken in this action, in which case the portion of the transcript containing Designated

Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY.

Where testimony is designated at a deposition, the Designating Party shall have the right

to exclude at those portions of the deposition all persons not authorized by the terms of this

Protective Order to receive such Designated Material.

Notwithstanding the provisions set forth in Sections 2.1 and 2.3 above, any party may

mark Designated Material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY as a deposition exhibit and examine any witness thereon, provided

that the exhibit and related transcript pages receive the same confidentiality designation as the

original Designated Material and provided that the person to whom the Designated Materials is to be shown is a person who may have such access under Sections 2.1 and 2.2 above.

Any party may, within thirty (30) calendar days after the first of (1) receiving a deposition transcript or (2) the receipt of a reporter's written notice that the transcript is available for review, designate pages of the transcript and/or its exhibits as Designated Material.  If any Designating Party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the thirty (30) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY.  Until the expiration of the thirty calendar day period, any portion of the deposition not previously designated shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY and subject to protection as provided by this Protective Order.

**8.        Court Procedures**

**8.1      Disclosure of Designated Material to Court Officials**

Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials, or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

**8.2      Filing Designated Materials with the Court**

In applications and motions to the Court, all Designated Material filed with the Court shall be filed under seal and in a sealed envelope or container on which shall be affixed the title

12

of this action, an indication of the nature of the contents, the words "CONFIDENTIAL – FILED

UNDER SEAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – FILED

UNDER SEAL" and a statement substantially as follows:

> **THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall indicate clearly which portions are Designated Materials.

Where reasonably practicable, only the portions of documents consisting of such

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall

be lodged under seal.  Filing or lodging such information or items under seal shall be made in

compliance with Local Rule 5.1(j).  In accordance with the U.S. District of Delaware's Revised

Administrative Procedures Governing Filing and Service by Electronic Means (¶ (G)(1)),

redacted versions of the sealed documents shall be filed electronically within seven (7) days of

the filing of the sealed documents.  Subject to the Court's approval, the Clerk of the Court is

directed to maintain under seal all documents and transcripts of deposition testimony and

answers to interrogatories, admissions and other pleadings filed under seal with the Court in this

action that have been designated, in whole or in part, as Designated Material by a party to this

action.

### 8.3    Retrieval of Designated Materials

The party responsible for filing the Designated Materials shall be responsible for

retrieving such Designated Materials from the Court following the final termination of the action

(including any appeals thereof), to the extent permitted by the Court and the Court's governing

rules.

### 8.4    Failure to File Under Seal

13

If any party fails to file Designated Materials under seal, the Designating Party or any

party to this action may request that the Court place the Designated Materials under seal within

30 days of the filing of said Designated Materials.  The Clerk of the Court is directed to comply

with such request if made.

### 9.        Objections to Designation

A party may challenge the propriety of any designation of Designated Materials under

this Protective Order.  A challenge shall be made by serving all other parties and the Designating

Party with a written notice of objection, which shall identify with particularity the Designated

Materials as to which the designation is challenged, state the basis for each challenge, and state

what designation, if any, the Challenging Party believes to be appropriate ("Notice of

Objection").

Following service of a Notice of Objection, the parties and the Designating Party shall

meet and confer in good faith to resolve the challenge.  In the event that the parties and the

Designating Party are unable to resolve the challenge informally, the Designating Party may file

within fifteen (15) calendar days after service of a Notice of Objection, a motion to maintain

designation of the challenged material, accompanied by a certification that the parties and the

Designating Party met and conferred in good faith prior to the filing of the motion.

If no such motion is filed within the aforementioned period by the Designating Party, the

information identified in the Notice of Objection shall lose its original designation and shall

assume the designation proposed by the Challenging Party.

In the event the Designating Party files the motion, the material at issue may be submitted

to the Court for in camera inspection.  It shall be the burden of the Designating Party under such

circumstances to establish that the information so designated is CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY within the meaning of this Protective Order. The original designations shall remain effective until ten (10) business days after service of notice of entry of an order redesignating the materials and during the pendency of any timely filed appeal or writ petition.

In the event that a party files a motion defending the designation of a document or documents, following the objection procedure set forth above and the meet and confer process, the Court may award sanctions, including reasonable attorneys' fees and costs, to the party prevailing on the motion if the Court finds that either party acted without substantial justification by filing the motion, by resisting the motion, or by improperly designating materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, as the case may be.

**10.        Disclosure to Consultants or Experts**

If any party desires to disclose information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" to any expert or consultant pursuant to paragraph 2.1(d) of this Protective Order, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include the full name, present employer, and professional address and/or affiliation of the proposed expert or consultant, and an up-to-date curriculum vitae of the expert or consultant. The attorney for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. If no objection is made to such consultant or expert receiving "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information within such five (5) business day period, then "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information may be

disclosed to such consultant or expert.  The parties shall attempt to resolve any objections

informally.  If objection is made, then any party may bring before the Court the question of

whether the confidential information may be disclosed to such consultant or expert.  If objections

are made but not resolved informally, the objecting party may move within five (5) business days

following its notice of objection for a court order preventing disclosure of Designated Materials

to the Independent Experts or Consultants to which it has timely objected.  If no motion is made

within five (5) business days of the objection, the objection is waived and disclosure of

confidential information may be made to the Independent Experts or Consultants in accordance

with the terms of this Protective Order.  Otherwise, such Independent Experts or Consultants

cannot have access to the Designated Material until the relevant time periods expire, or if a

motion was filed by the objecting party, then until entry of an order denying the motion.

**11.**          **No Prejudice**

This Protective Order shall not diminish any existing obligation or right with respect to

Designated Material.

Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a

designation under this Protective Order shall not be admissible for any purpose during any

proceeding on the merits of this action.

If any person required to produce documents inadvertently produces any Designated

Material, without marking it with the appropriate legend, the producing party may promptly

upon learning of the inadvertent failure to designate give written notice to the Receiving Party or

Parties, including appropriately stamped copies of the Designated Material as replacement

copies, that the document, thing, or response is deemed Designated Material and should be

treated as such in accordance with the provisions of this Protective Order.  The original,

incorrectly marked materials shall be returned or destroyed by the Receiving Party or Parties at the request of the Designating Party.  The Receiving Party or Parties shall return or confirm destruction of the incorrectly marked materials within ten (10) days of receiving such notice.

Neither the provisions of this Protective Order, nor the filing of any Designated Material, under seal, shall prevent the use in court, at any hearing, or at trial of this action of any Designated Material that is subject to this Protective Order or filed under seal pursuant to its provisions.  Prior to the pretrial conference, the parties and Designating Parties shall meet and confer concerning appropriate methods for dealing with Designated Materials at trial.

**12.        Inadvertent Production of Privileged Documents**

There is no waiver of or impairment to any claim of the attorney-client privilege, work product immunity, or any other applicable protection from disclosure should material(s) be produced, which the Producing Party believes is protected from disclosure by such privilege or immunity and which were inadvertently produced.  In the event that counsel of record or counsel for a Designating Party in this action (or a responsible attorney for a non-party) learns that a document or other item subject to immunity from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently, counsel shall notify the Receiving Party or Parties promptly after so learning that such inadvertent production has been made.  Within five (5) business days of receiving written notice from the Producing Party, the Receiving Party shall take all reasonable measures to return or destroy the originals and all copies of the privileged or immune material(s).  Any analysis, memoranda, or notes which were internally generated based upon such inadvertently-produced material shall immediately be destroyed.  If additional copies of inadvertently produced material or any analysis, memoranda, or notes which were internally generated is subsequently discovered by the Receiving Party to be

within the said Receiving Party's control efforts should be made to comply with the provisions,

The Producing Party shall include the inadvertently produced privileged document in its

privilege log, including the date, author, address(es), and topic of the document and such other

information as is reasonably necessary to identify the document and describe its nature.  The

Receiving Party shall not seek an order compelling production of the inadvertently disclosed

documents on the ground that the producing party has waived or is estopped from asserting the

applicable privilege or immunity on the basis that the document has been voluntarily produced.

No use shall be made of such documents or information during deposition or at trial, nor shall

such documents or information be shown to anyone who has not already been given access to

them subsequent to the request that they be returned.  Such inadvertent disclosure shall not result

in the waiver of any associated privilege or immunity.  Counsel shall cooperate to restore the

confidentiality of any such inadvertently produced information.

The return of documents or materials by the Receiving Party shall not constitute an

admission or concession, or permit any inference, that the returned document is, in fact, properly

subject to a claim of attorney-client privilege, work product immunity, or any other applicable

privilege, nor shall it foreclose the Receiving Party from moving for an order that such document

has been improperly designated as subject to a claim of attorney-client privilege, work-product

immunity or any other applicable privilege.  Any motion to the Court challenging the Producing

Party's claim(s) of privilege or immunity shall not assert as a ground for production, however,

the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content

of the inadvertently produced document or information (beyond any information appearing on

the privilege log) in any way in connection with any such motion.  The parties expressly

acknowledge that documents which are inadvertently produced cannot be sequestered by a receiving party for submission to the Court.

### 13.        Inadvertent Disclosure of Designated Material

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material and to bind such persons or parties to the terms of this Protective Order.  The Receiving Party shall also promptly inform such persons or parties of the terms and provisions of this Protective Order, identify such persons or parties to the Producing Party immediately, and request such persons or parties to execute a certificate in the form of Exhibit A.

### 14.        Modification and Survival

The parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties and Designating Parties or, after the Designating Party has been provided an opportunity to object, by order of this Court.

This Protective Order shall survive termination of this action.  Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party, or, if such Designating Party is not represented by counsel, directly to the Designating Party.  Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option of the Receiving

Party, destroyed.  Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party.  Counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.  Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain pleadings, other filings with the Court or served documents and attorney and Consultant work product.

### 15.        Non-Party Material

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material provided by a non-party.  Information provided by a non-party in connection with this action and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 16.        Non-Applicable to Information That Becomes Public Knowledge

The restrictions set forth in the foregoing paragraphs shall not apply to information which (a) was or became public knowledge, not in violation of this Protective Order, (b) was or is acquired in good faith from a third party, not a party to this action, not in violation of this Protective Order and who has the right to disclose such information, (c) was or is discovered independently by the Receiving Party without any violation of this Protective Order having occurred, or (d) was disclosed by the Designating Party to a third party in the absence of any understanding or expectation that the information would be kept confidential.  The burden of showing that Designated Material can be treated as non-confidential material pursuant to the

provisions of this section shall rest at all times on the party who seeks to disclose such

information or to treat such information as non-confidential.  A party that objects to the

designation of material as confidential on one of the grounds set forth in this section shall follow

the objections procedures set forth in Section 8 above.

### 17.        Material Disclosed to be Used Only for Purposes of Action

All Designated Material hereunder shall be used by each Receiving Party solely for

purposes of this action and for no other purpose.  Designated Material produced during the

course of this action may be used by a Receiving Party in other legal or administrative

proceedings if such use is mutually agreed by the Designating and the Receiving Parties.

### 18.        Subpoenas

In the event any person or party having possession, custody, or control of any Designated

Material receives a subpoena or other process or order to produce such information in another

proceeding, such person or party shall notify in writing the attorneys of record of the party, non-

party, or person claiming such confidential treatment of the documents sought by such subpoena

or other process or order, shall furnish those attorneys of record with a copy of said subpoena or

other process or order within ten (10) days of the receipt of same, and shall cooperate with

respect to any procedure sought to be pursued by the party or non-party whose interests may be

affected (without waiver of the attorney-client privilege, work product immunity or any other

claim of privilege or immunity).  The party or non-party asserting the designation of material or

information hereunder shall have the burden of defending against such subpoena, process, or

order.  The person or party receiving the subpoena or other process or order shall be entitled to

comply with it except to the extent the party or non-party asserting confidential treatment is

successful in obtaining an order modifying or quashing it.

### 19.        Prosecution Bar

Absent the written consent of the Designating Party, any attorney for a Receiving Party that reviews one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be involved in any of the following activities:  preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the functionality, operation, and or design of DNA sequencing technology before any foreign or domestic agency, including the United States Patent and Trademark Office.  Where an attorney for a Receiving Party has reviewed one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," this bar precludes the attorney from relying on information obtained from those items to participate in the revising of claims in any way during reexamination or opposition proceedings, including by *inter alia* suggesting or proposing new or modified claim terms (in words or concept) or by suggesting particular claims that should be amended.  However, this bar does not preclude the attorney from reviewing office actions, responses to office actions, or other papers submitted during reexamination or opposition proceedings to assist in the preparation of arguments in support of the validity of claims, nor does it prohibit any attorney who has not had access to material designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" from participating in the reexaminations in any manner, including suggesting or modifying claim language.  The prohibitions set forth in this prosecution bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" materials is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

**20.**          **Approval by Counsel**

Execution by counsel for the parties below shall indicate that the terms and conditions of this Stipulated Protective Order shall be regarded as a binding agreement by the parties regardless of the date the Stipulated Protective Order actually is signed by the Court.

June 13, 2011

ASHBY & GEDDES

 /s/ Caroline Hong
Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Jeffrey N. Costakos
Rebecca J. Pirozzolo-Mellowes
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
(414) 271-2400

*Attorneys for Defendant Illumina, Inc.*

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbauerman@bayardlaw.com

*Of Counsel:*

Douglas J. Kline
Brian A. Fairchild
Sheryl Koval Garko
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
(617) 570-1000

Kurt M. Kjelland
GOODWIN PROCTER LLP
4365 Executive Drive
3rd Floor
San Diego, CA 92121
(858) 202-2700

*Attorneys for Plaintiff Helicos Biosciences Corporation*

POTTER ANDERSON & CORROON LLP

 /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor

YOUNG CONAWAY STARGATT & TAYLOR LLP

 /s/ Karen E. Keller
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)

1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Of Counsel:*

Edward R. Reines
Paul Ehrlich
Derek Walter
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Fax: (650) 802-3100

*Attorneys for Defendant*
*Pacific Biosciences of California, Inc.*

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
Telephone:  302.571.6600
Fax: 302.571.1253

*Of Counsel*

Polaphat Veravanich
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA  02008

*Attorney for Defendant*
*Life Technologies Corporation*

IT IS SO ORDERED this _____ day of June, 2011.


_____
The Honorable Mary Pat Thynge
United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELICOS BIOSCIENCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC., LIFE TECHNOLOGIES CORPORATION, and ILLUMINA, INC.,<br><br>Defendants. | C.A. No. 10-0735-SLR |

**CONFIDENTIALITY AGREEMENT**

My full name is _____. I am presently employed by

_____ in the position of _____. My residence

address is _____.

I hereby acknowledge that I am to have access to information designated in this action as

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material,

if permitted by the terms of the Protective Order, in the captioned action.  I certify my

understanding that such information has been provided to me pursuant to the terms and

restrictions of the Protective Order entered _____ 2011, in the captioned action, under

Section 2 thereof, and that I have been given a copy of and have read the Protective Order and

agree to be bound by the terms thereof.  I further agree to subject myself to the jurisdiction of the

United States District Court for the District of Delaware regarding resolution of any matter

pertaining to the Protective Order.

Dated: _____          Signature: _____

                                                        Print Name: _____