IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HELICOS BIOSCIENCES )
CORPORATION, )
)
Plaintiff, )
)
v. ) Civ. No. 10-735-SLR
)
PACIFIC BIOSCIENCES OF )
CALIFORNIA, et al., )
)
Defendants. )

## MEMORANDUM ORDER

At Wilmington this 16th day of December, 2011, having reviewed defendant

Pacific Biosciences of California, Inc.'s ("PacBio"'s) motion to stay pending

reexamination[1] and the papers submitted therewith;

IT IS ORDERED that said motion (D.I. 52) is denied, for the reasons that follow.

1. **Background**. Plaintiff Helicos Biosciences Corporation ("Helicos") filed its

patent infringement complaint against PacBio on August 27, 2010, alleging infringement

of its U.S. Patent Nos. 7,645,596 ("the '596 patent"), 7,037,687 ("the '687 patent"),

7,169,560 ("the '560 patent"), and 7,767,400 ("the '400 patent"). (D.I. 1) Prior to

PacBio's answer, Helicos amended its complaint adding allegations of infringement of

the '596, '687 and '560 patents by Life and of the '687, '560 patents by defendant

Illumina, Inc. ("Illumna"); Illumina is also alleged to infringe Helicos's U.S. Patent No.

7,593,109 ("the '109 patent"). (D.I. 9) PacBio answered and asserts counterclaims for

_____

[1]In which defendant Life Technologies Corporation ("Life") joins. (D.I. 63)

declaratory judgment of noninfringement, invalidity, and unenforceability of the '596, '687, '560 and '400 patents. (D.I. 14) Life also brings counterclaims for declaratory judgment of noninfringement and invalidity of the patents asserted against it. (D.I. 21) Illumina seeks declaratory judgment of noninfringement and invalidity of the patents asserted against it, and also seeks declaratory judgment that the '560 patent is unenforceable. (D.I. 22) On April 25, 2011, PacBio filed a motion to stay the litigation pending reexamination of the '596, '687, '560 and '400 patents asserted against it. (D.I. 52) That motion is currently pending. Also before the court is Life's motion to "drop it from this suit or, in the alternative, sever and stay the claims against Life." (D.I. 73) The parties have recently agreed to allow Helicos to file a second amended complaint, pending the court's approval. (D.I. 157, 163) The second amended complaint adds plaintiff Arizona Science and Technology Enterprises LLC d/b/a Arizona Technology Enterprises ("AZTE"), a licensee of the '596 and '687 patents, to the suit. (D.I. 157, ex. 1; D.I. 159, ex. 1)

## 2. **Stay of litigation pending reexamination**.

a. Motions to stay invoke the broad discretionary powers of the court. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F.Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). Three general factors inform the court in this regard:

(1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Enhanced Security Research, LLC v. Cisco Sys., Inc.*, Civ. No. 09–571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (citing *St. Clair Intellectual Prop. Consultants v.*

*Sony Corp.*, Civ. No. 01–557, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)).

b. This court has articulated factors which bear upon whether "there is 'even a fair possibility' that the stay would work damage on another party" in the reexamination context. *See Belden Techs. Inc. v. Superior Essex Comm's LP*, Civ. No. 08–63, 2010 WL 3522327 (Sept. 2, 2010) (citing *Dentsply Int'l*, 734 F.Supp. at 658 (internal citations omitted)). The court presumes familiarity with its jurisprudence applying this test and focuses next on the application of these factors to the facts at bar.[2]

4. **Discussion**

a. **Status of litigation**. Discovery is nearing completion. The docket reflects that the parties first began serving interrogatories in March 2011 and were engaged in e-discovery in August 2011. Depositions began being noticed in the fall of 2011. Fact discovery is slated to close in February 2012, with expert discovery closing in April 2012.[3] (D.I. 39) Therefore, the status of the litigation is neutral.

b. **Simplification**. It is not clear at this point whether any of the defendants will raise additional defenses in response to the second amended complaint, once entered. Even at this juncture, however, there is not a complete overlap between those issues to be resolved upon reexamination (anticipation and

---

[2]The Leahy-Smith Act (H.R. 1249), passed January 5, 2011 and effective January 6, 2012, requires courts to automatically stay litigation filed after a petition for reexamination. H.R. 1249 is not yet controlling. While the reexamination was filed after the litigation in this case, the court would likely stay the case if it were subject to the new legislation.

[3]The parties have recently proposed an amended schedule, allowing fact discovery from AZTE to be taken through February 10, 2012; supplemental expert reports would be due April 4, 2012. (D.I. 163)

obviousness)[4] and the issues to be tried in this case: infringement (by both defendants); invalidity under "35 U.S.C. §§ 102, 103, 112 and/or 116;"[5] and inequitable conduct with respect to the '560 patent.[6] The '109 patent asserted against Illumina is not involved in reexamination. This factor does not favor a stay.

### c. **Prejudice**

(1) **Timing of the request for reexamination and the request for stay.** This case was filed on August 27, 2010. In response, PacBio filed the four inter partes requests for reexamination at issue on January 27, 2011.[7] Following the PTO's grant of reexaminations on March 10, 2011 ('596 and '400 patents) and April 13, 2011 ('687 patent),[8] PacBio then filed its motion to stay litigation on April 25, 2011. (D.I. 52) These favors do not favor a stay.

(2) **Status of reexamination proceedings**. The PTO issued Actions Closing Prosecution in the inter partes reexamination of the '560 and '678

_____

[4](D.I. 132, ex. A at 4 ('560 patent); _id._, ex. B at 4 ('687 patent); _id._, ex. C at 5 ('400 patent); D.I. 148, ex. 1 at 3 ('696 patent))

[5]Life asserts that the '596, '687, and '560 patents are invalid under "35 U.S.C. §§ 102, 103, 112 and/or 116." (D.I. 21 at 19-21) Illumina asserts that the '687 and '560 patents are invalid under "one or more of the requirements of Title 35 of the United States Code." (D.I. 22 at 15-16) The '560 patent is alleged to be invalid under § 102(b). (_Id._ at 18)

[6](D.I. 22 at 16 (Illumina))

[7]Per public PAIR (Control Nos. 95/001,529 (reexamination file wrapper for the '596 patent); 95/001,530 ('400 patent); 95/001,531 ('560 patent); and 95/001532 (the '687 patent).

[8]It is not clear from the PAIR docket when the PTO granted reexamination of the '560 patent. A non-final action was issued, however, on March 31, 2011.

3

patents on September 8 and October 5, 2011, respectively. (D.I. 132, ex. A ('560 patent); *id.*, ex. B ('687 patent)) An Action Closing Prosecution in the inter partes reexamination of the '596 patent was issued on October 20, 2011. (D.I. 148, ex. 1) Therein, the examiner rejected all claims of the '560 patent (claims 1-12), '678 patent (claims 1-5), and the '596 patent (claims 1-8). Helicos has not amended the claims or proposed any new claims. While the parties have submitted their comments, final actions have not yet issued.

A non-final action rejecting all claims of the '400 patent (claims 1-32) was issued by the PTO on March 10, 2011. On July 10, 2011, Helicos amended independent claims 1 and 30, and added new claims 33, 34 and 35 to the reexamination. (D.I. 132, ex. B)

The status of the reexaminations of the '560, '687 and '596 patents does not favor a stay, insofar as the prosecutions are not closed and the BPAI has yet to affirm a final determination of invalidity (such as would prepare the case for the Federal Circuit's review). With respect to the '400 patent, a stay is slightly favored in view of the fact that, if valid claims do emerge from this process, they will necessarily be different from those at issue in this litigation.

### (3) The relationship of the parties

Finally, Helicos and the defendants are all life sciences companies engaged in the business of developing genetic analysis technologies,[9] which favors denial of

_____

[9]PacBio argues that Helicos's 10-K reports evidence that Helicos is focusing on licensing and does not "foresee commencing any efforts to sell new instruments." (D.I. 53 at 3 (citing D.I. 56, ex. 11 at 4, 17-18) In response, Helicos points out that its 10-K also states that it continues to derive revenue from "the sale of sequencing services" as

4

PacSun's motion to stay. (D.I. 9 at ¶ 7; D.I. 14 at ¶ 7, D.I. 21 at ¶ 7; D.I. 22 at ¶ 7); *see Belden Tech.*, 2010 WL 3522327 at *3 (citing cases).

5. **Conclusion**. Although the litigation is months away from trial and the '400 patent will emerge from reexamination (if valid at all) with narrower claims than those to be tried to the jury, the rest of the favors mentioned *supra* favor the denial of PacBio's motion to stay litigation. Therefore, PacBio's motion is denied, with leave to renew if the reexamination process proceeds at such a pace to actually near completion before trial.[10]

United States District Judge

---

well as consumables (for its own instruments) at established customers. (D.I. 56, ex. 11 at 17) Helicos also cites Illumina and Life's (earlier) 10-Ks stating that Helicos is a competitor. (D.I. 58 at 17 (citing D.I. 59, ex. Q at 15, ex. R at 7)) The court does not make any definitive findings at this juncture, but it is satisfied that Helicos is a market participant (and is not a patent holding company) such that this factor generally disfavors a stay.

[10]Life's motion to sever will be addressed by separate order.

5