IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELICOS BIOSCIENCES CORPORATION,        ) <br> ) <br> ) <br> Plaintiff,        ) <br> ) <br> v.        ) <br> ) <br> PACIFIC BIOSCIENCES OF        ) <br> CALIFORNIA, et al.,        ) <br> ) <br> Defendants.        ) | Civ. No. 10-735-SLR |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of December, 2011, having reviewed defendant Life Technologies Corporation's ("Life"'s) motion to sever or stay and the papers submitted therewith;

IT IS ORDERED that said motion (D.I. 73) is denied, for the reasons that follow.

1. **Background**. The relevant procedural background of this case has been detailed in the court's recent memorandum order denying defendant Pacific Biosciences of California, Inc.'s ("PacBio"'s) motion to stay pending reexamination, which is hereby incorporated by reference. (D.I. 170) Per the parties' stipulation, the court granted plaintiff Helicos Pacific Bioscience Corporation's ("Helicos"'s) motion to file a second amended complaint on December 16, 2011. (D.I. 171) Pending is Life's motion to sever and, in the alternative, to stay the claims against it on the basis that Life does not commercialize the technology accused of infringement (Life's "Single Molecule Real-Time DNA Sequencing of a Quantum-dot Nanocrystal" technology, which it refers

to as "the accused Starlight technology").[1] (D.I. 74) The claims against Life arise from presentations given by Life employees in 2010. (*Id.* at 1; D.I. 171 at ¶¶ 35-36, exs. I & J) According to Michael Lafferty ("Lafferty"), Life's Vice President of Advanced Systems (and Head of Technology and Product Development for Life's Starlight project), Life never commercialized the accused Starlight technology, Life suspended its efforts to commercialize in February 2011, and Life has no plans to commercialize it in the future. (D.I. 75 at ¶¶ 7-8)

2. Life also asserts that the other defendants are its direct competitors and, absent any allegation that Life's activities or products overlap with the other defendants in any way (such as could satisfy the "common transaction" requirement of Federal Rule of Civil Procedure 20(a)), the claims against Life should proceed separately so as to protect Life during the discovery process. (*Id.* at 1, 5, 8-9) Life states that "it is willing to abide by any decisions on invalidity against the other defendants as to the accused technology in this matter, so long as Helicos is also bound by those decisions." (*Id.* at 10)

3. **Standards**. A court is authorized to bifurcate any issue or counterclaim "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed.R.Civ.P. 42(b). The Federal Circuit has recognized that "[district courts] are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them." *Amado v. Microsoft Corp.*, 517

---

[1] Illumina and PacBio have filed a motion to transfer this case to the United States District Court for the Northern District of California; the court will address that motion in due course following an evidentiary hearing. (D.I. 168)

2

F.3d 1353, 1362 (Fed. Cir. 2008).

4. Federal Rule of Civil Procedure 21 gives courts discretion to sever parties due to misjoinder. Under Rule 20(a), defendants can be joined together if

> there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

5. **Discussion**. An issue of fact exists as to whether Life continued to present the accused Starlight technology after February 2010, as Lafferty asserts. The relevant portion of Helicos's complaint reads as follows.

> Life gave a presentation entitled "Single Molecule Real-Time DNA Sequencing of a Quantum-dot Nanocrystal" and dated February 27, 2010 at the AGBT (Advances in Genome Biology and Technology) Meeting in Marco Island, Florida ("Life Meeting Presentation"). The presentation states that it was given by Joseph M. Beecham, Chief Technology Officer, Head of Advanced Research, Single Molecule Sequencing for Life. The Life Meeting Presentation describes its single molecule DNA sequencing system. A copy of the Life Meeting Presentation is attached hereto as Exhibit I.
>
> On information and belief, Mr. Beecham gave similar presentations concerning Life's sequencing system since the February 2010 at the AGBT Meeting [sic]. A Life Inventor's Day presentation dated June 2, 2010 ("Life Inventor's Day Presentation") contains nearly identical information about Life's sequencing system as that presented at the AGBT meeting. Portions of the Life Inventor's Day Presentation are attached hereto as Exhibit J. In September 2010, Mr. Beecham gave a presentation also entitled "Single Molecule Real-Time DNA Sequencing of a Quantum-dot Nanocrystal" at a Cold Spring Harbor Laboratory Meeting in New York. Mr. Beecham is scheduled to give an identically titled presentation at the American Society of Human Genetics in Maryland on November 4, 2010.

(D.I. 171 at ¶¶ 35-36) Thereafter, Helicos alleges that Life infringes "by at least making, using and offering to sell its Single Molecule Real-Time DNA Sequencing of a Quantum-dot Nanocrystal technology for single molecule sequencing of DNA, which technology is within the scope of one or more claims" of the '596, '687, and '560

3

patents. (*Id.* at ¶¶ 105, 115, 124) The court agrees, therefore, that Helicos's infringement claims arise out of Life's presentations, rather than allegations of actual sales. The court is not in the position to adjudge whether Life's activities constitute an infringing "offer for sale" on this limited record.[2] Nor is it in the position to determine whether any of Life's research, if infringing, constitutes a permissible "experimental use" Helicos's technology.[3]

6. The court finds that there are common transactions or occurrences, and questions of fact or law that warrant joinder of Life in this action. In response to Life's motion, Helicos argues that the accused Starlight technology "shares fundamental elements in common with PacBio's accused RS product," such as reliance on detecting labeled nucleotides as a polymerase, the use of four nucleotides with distinct fluorescent labels and optical detection zones limited to the immediate vicinity of the polymerase. (D.I. 81 at 7) Helicos offers limitation-by-limitation infringement contentions in support of this position. (*Id.* at 7-10) Helicos also alleges that both Life's and Illumina's products perform single molecule sequencing using optical detection of nucleic sequences. (D.I. 81 at 14, n.6) Life does not dispute the foregoing in its reply

---

[2]The second amended complaint does not describe the circumstances surrounding Life's alleged presentations. The attached presentation slides do not indicate (on their face) whether or not the accused Starlight technology was offered for sale as contemplated by 35 U.S.C. § 271.

[3]*See Madley v. Duke University*, 307 F.3d 1351, 1362 (Fed. Cir. 2002) ("[S]o long as the act is in furtherance of the alleged infringer's legitimate business and is not solely for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry, the act does not qualify for the very narrow and strictly limited experimental use defense.")

4

papers.[4] (D.I. 94 at 9-10)

7. Finally, with respect to prejudice, the parties have agreed upon a protective order mandating that Life's "highly confidential" documents may not be disclosed to PacBio or Illumina. (D.I. 67 at § 2.3(c)) A prosecution bar is also in place. (Id. at § 19) Moreover, if it is true that Life does not intend to commercialize the accused Starlight technology, any inadvertent disclosure relating to it is unlikely to result in the type of substantial competitive harm Life alleges.[5]

8. **Conclusion**. In view of the commonalities in the accused technologies, as represented by Helicos and as undisputed by Life, as well as the overlap in the asserted patents, the court denies Life's motion to sever or stay.[6]

United States District Judge

---

[4]Rather, Life argues that only 34 of Helicos's 150 pages of claim charts pertain to Life (a fact the court does not find probative), and that each defendant's accused products need to be considered separately. (D.I. 94 at 9) If the latter were persuasive, however, the court would never hear a patent case involving more than one defendant – a result the court's limited judicial resources can not permit.

[5]Of course, if Life does not intend to commercialize this technology, it would be of great benefit to the court for the parties to resolve this litigation now, before the expense of discovery, motion practice and trial.

[6]See SRI Intern'l, Inc. v. Internet Security Sys., Inc., Civ. No. 04-1199, 2005 WL 851126 (D. Del. Apr. 23, 2005) ("It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art)"). That Life has consented to be bound by the court's validity rulings following Illumina's and PacBio's cases does not negate commonality in the infringement case.